**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4591**

―――――――――

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

MICHAEL FRANCIS AWOSIKA,

                              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CR-04-7-WDQ)

―――――――――

Submitted:  April 5, 2006            Decided:  April 20, 2006

―――――――――

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

―――――――――

James Wyda, Federal Public Defender, Jeffrey E. Risberg, Assistant
Federal Public Defender, Paresh S. Patel, Staff Attorney,
Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, George L. Russell, III, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael F. Awosika pled guilty pursuant to a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). After the court properly calculated Awosika's offense level under the then-mandatory application of the sentencing guidelines, the court sentenced Awosika to sixty-three months' imprisonment, the low end of the range of imprisonment. On appeal, Awosika challenges the court's mandatory application of the sentencing guidelines. We affirm in part, vacate in part and remand for resentencing.

Because Awosika raised a challenge at sentencing under Blakely v. Washington, 542 U.S. 296 (2004), he has preserved his challenge to the mandatory application of the sentencing guidelines and review is for harmless error. United States v. Rodriquez, 433 F.3d 411, 415-16 (4th Cir. 2006). The Government bears the burden under harmless error review of showing beyond a reasonable doubt the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003); United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001). Affecting substantial rights means that the error affected the outcome of the proceedings. Stokes, 261 F.3d at 499. The error may be disregarded if the court is certain the error did not affect the district court's selection of the sentence. Williams v. United States, 503 U.S. 193, 203 (1992).

Under a mandatory application of the guidelines, Awosika was sentenced to the low end of the guidelines. The district court did not announce an alternate sentence nor did it announce it considered the factors under 18 U.S.C. § 3553(a) (2000). The court's silence as to what sentence it may have imposed under a scheme wherein the guidelines are advisory must be interpreted in Awosika's favor. See Rodriguez, 433 F.3d at 416. Because the court gave no indication of the sentence it would have imposed under the advisory guidelines, we conclude the government failed to establish the error in treating the guidelines as mandatory was harmless. Id. at 416.

Accordingly, we affirm Awosika's conviction, grant the motion to remand, vacate his sentence, and remand for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).[*] Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." Id. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Awosika's sentencing.

should consider this sentencing range along with the other factors described in § 3553(a), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u> at 546-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED</u>
<u>AND REMANDED IN PART</u>